

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Pittsburgh Area Office

Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-3444
TTY (412) 644-2720
FAX (412) 644-2664

**M. Jean Clickner, SeniorTrial Attorney**
**Direct Dial: (412) 644-6439**
**Facsimile: (412) 644-4935**
**E-mail: jean.clickner@eeoc.gov**

December 12, 2005

Honorable Kent A. Jordan, U.S.D.J.
United States District Court
District of Delaware
844 King Street
Wilmington, DE   19801

Re:   EEOC v.  P.T. Morgan Paper Company
        Civil Action No. 04-1304

Dear Judge Jordan:

      I am writing on behalf of the Commission to request that you schedule a telephonic conference with all counsel in this matter.  On November 22nd, Mr. Neuberger noticed the depositions of the four claimants represented by the Commission herein. On Friday, December 9th, Mr. Neuberger left a message at my office informing that the depositions were cancelled and that, instead, he would be filing a motion for summary judgment later this week.  The reason given was that this would be a "more economical use of my client's limited financial resources." (Ex. 1) As I was out of the office all day on Friday, I received Mr. Neuberger's message this morning.  I immediately informed him that summary judgment is premature, as the Commission has not had the opportunity to engage in any depositions, to date.  (Ex. 2)  The first mutually convenient date for a deposition, aside from this week, is January 24, 2006.  The Commission has scheduled the owner's deposition, James Morgan, for that date.  Mr. Neuberger also advised that he is available the week of January 30th.  The Commission has scheduled additional depositions that week.

      Moreover, Mr. Neuberger has attempted to impugn the Commission's motive in this litigation by calling its pursuit of standard discovery methods "oppressive."  (Ex. 3)   The Defendant has raised as a defense that it does not have a sufficient number of employees to be sued under Title VII.  The Commission is pursuing the theory of "integrated enterprise" to show that the employees of P.T. Morgan Packaging should be included in determining this issue.  As the Commission agreed at our recent telephone conference, it will discontinue this matter if, after engaging in discovery, it determines that it cannot prove the elements of an integrated enterprise.  However, based solely on the documents produced by Defendant, to date, the existence of an interlocking administration and policy making between the two companies appears to be quite strong.

      As the Court may recall, in deference to Defendant's size and plea of financial instability, to the Court's consternation, the Commission *did not* engage in significant discovery while the parties pursued settlement negotiations under the guidance of Magistrate Judge Mary Pat Thynge. Since that exercise failed, the Commission is attempting to complete discovery in an expeditious manner. It appears that Mr. Neuberger is attempting to thwart the Commission's effort to do so. Moreover, the Commission has expended funds in preparing for the noticed depositions and the complainants have taken time off from work to attend their depositions. The Commission believes that, at the minimum, these costs and any wage losses experienced by the Claimants should be reimbursed by Defendant

      At this juncture, the Commission is requesting that the Court schedule a telephonic conference and order Defendant to proceed with the depositions, as noticed. The depositions were noticed on November 22, 2005 and Commission's counsel and the deponents have made necessary arrangements to attend. Moreover, the Commission respectfully requests, consistent with the Court's busy schedule, that this conference occur today because Commission's counsel will be traveling tomorrow, Tuesday, December 13, 2005. Please advise how I may be of assistance in scheduling the requested conference.

      Sincerely,
/s/
M. Jean Clickner


cc:     Thomas Neuberger, Esquire (*Via Facsimile and/or E-file*)