## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO. 04-1304 (KAJ)** |
| **v.** | ) |
| | ) |
| **P.T. MORGAN PAPER CO., affiliated with** | ) |
| **P.T. MORGAN PACKAGING COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### APPENDIX TO
### PLAINTIFF EEOC'S ANSWERING BRIEF IN OPPOSITION TO
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
### and
### PLAINTIFF EEOC'S BRIEF IN SUPPORT OF ITS
### CROSS MOTION FOR SUMMARY JUDGEMENT
### (PART C)

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**JACQUELINE H. MCNAIR, REGIONAL ATTORNEY**
**JUDITH O'BOYLE, SUPERVISORY TRIAL ATTORNEY**
**M. JEAN CLICKNER, SENIOR TRIAL ATTORNEY**
Equal Employment Opportunity Commission
Liberty Center, Suite 300
1001 Liberty Avenue                    Local Counsel:
Pittsburgh, PA 15222                    **UNITED STATES ATTORNEY**
(412) 644-6439                         **DISTRICT OF DELAWARE**
                                       **SETH M. BEAUSANG, ASST. U.S. ATTORNEY**
                                       The Nemours Building
                                       1007 Orange Street, Suite 700
                                       Wilmington, Delaware 19899
Dated: January 6, 2006                 Del. Bar ID No. 4071
                                       (302) 573-6277

|  | **Document** | **Appendix Page** |
|---|---|---|
| **Ex. A** | P.T. Morgan Packaging Co. employee flow chart | 1 |
| **Ex. B** | P.T. Morgan Paper Co. employee flow chart | 2 |
| **Ex. C** | Letter from MAMSI Health Plan to P.T. Morgan Paper Co. | 3 |
| **Ex. D** | Workers Compensation Payroll Report - P.T. Morgan Packaging Co. | 6 |
| **Ex. E** | Warwick Enterprises Invoice | 7 |
| **Ex. F** | Letter from P.T. Morgan Packaging Co. to Hartford Insurance | 9 |
| **Ex. G** | Selected documents between P.T. Morgan Packaging Co. and insurance companies | 12 |
| **Ex. H** | MAMSI Health Plan Notice of Amount Due to P.T. Morgan Paper Co. | 15 |
| **Ex. I** | List of Employees - P.T. Morgan Paper Co. | 16 |
| **Ex. J** | Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories | 17 |
| **Ex. K** | Group of Board of Directors' meeting notes | 24 |
| **Ex. L** | Note from personnel file of Anthony Moore (10/04/04) | 33 |
| **Ex. M** | Employment Eligibility Verification (group of documents) | 34 |
| **Ex. N** | Fax from P.T. Morgan Paper on P.T. Morgan Packaging fax cover sheet | 39 |
| **Ex. O** | Fax from P.T. Morgan Packaging to Bob - Paychex | 41 |
| **Ex. P** | Letter from Gary Eberhard to Carlyle Moore (3/11/05) | 45 |
| **Ex. Q** | P.T. Morgan Paper Co.'s Memo: Bonus & Salary Adjustment 2001-2002 | 46 |
| **Ex. R** | P.T. Morgan Paper Co.'s anti-harassment policy (8/31/04) | 47 |

| Ex. S | Letter from James Morgan to Eugene Fox (3/19/87) | 49 |
|---|---|---|
| Ex. T | Memo re: Attendance Rules and Regulations | 50 |
| Ex. U | Verification of Employment forms (group) | 53 |
| Ex. V | Memo from P.T. Morgan Packaging to Paychex | 68 |
| Ex. W | Vacation time computation for Doug [Goodermuth] | 70 |
| Ex. X | Memo from P.T. Morgan Packaging to Paychex | 71 |
| Ex. Y | Fax from P.T. Morgan Packaging to Paychex | 72 |
| Ex. Z | Group of personnel documents for P.T. Morgan Paper employees | 73 |
| Ex. AA | Handwritten note re: personnel matter for Carlyle Moore | 87 |
| Ex. BB | Letter from P.T. Morgan Paper Co. to AFLAC (2/8/05) | 88 |
| Ex. CC | Morgan Stanley documents for P.T. Morgan Paper Co. | 89 |
| Ex. DD | Defendant's Response to Plaintiff's Third and Fourth Sets of Requests for Production of Documents (selected pages) | 93 |
| Ex. EE | Defendant's Response to Plaintiff's Third and Fourth Sets of Interrogatories (selected pages) | 96 |
| Ex. FF | D&B Business Information Report: Morgan, PT Packaging Company, Inc. | 104 |
| Ex. GG | Commission's Request for Admissions (First Set) and Defendant's Responses (selected portion) | 114 |
| Ex. HH | Second Quarter 1998 Tax filing for P.T. Morgan Paper Co. | 117 |
| Ex. II | Simple IRA forms - Name of Employer: P.T. Morgan Packaging Co. & P.T. Morgan Paper Co. | 119 |
| Ex. JJ | P.T. Morgan Packaging - IRA contribution flow chart | 126 |
| Ex. KK | P.T. Morgan Paper - IRA contribution flow chart | 131 |

**Ex. LL**      Gary Eberhard's Application for Employment                                135

**Ex. MM**     Gary Eberhard's Job Description                                           138

**Ex. NN**      Eugene Fox's bonus chart                                                 140

**Ex. OO**      Employment Eligibility Form                                              141

**Ex. PP**      Affidavit of Mark Maddox                                                 143

**Ex. QQ**      Affidavits of Carlyle Moore, Patrick Moore and Bernard Tingle           145

**Ex. RR**      Affidavit of Anthony Moore                                               148

**Ex. RR-1**    Affidavit of M. Jean Clickner                                            150

**Ex. SS**      Defendant's Response to the Plaintiff's Second Set of Interrogatories
                and Request for Production of Documents, selected pages                  151

Gary asked Daryle Carlyle Moon To
return to work this afternoon 3/21/05 or
Tomorrow morning 3/22/05

(Per Ron 3/21/05)

EXHIBIT

# P. T. MORGAN PAPER CO., INC.

### 33 EAST SOUTH STREET
### SMYRNA, DE 19977

**ACCOUNTING**
P O BOX 5011
SEVERNA PARK, MD 21146
PHONE 410-544-7733
FAX     410-544-7738

**WAREHOUSE**
P O BOX 147
SMYRNA, DE 19977
302-653-5008
302-653-0264

Date:  February 8, 2005

To:  Greg
      AFLAC

Re:  Description of business conducted at P.T. Morgan Paper

Greg,

As per our conversation, this letter will provide you with the information that you need in order to obtain for the employees of the P.T. Morgan Paper company a better insurance rate.

Our location in Smyrna, Delaware receives waste materials, used boxes and sheet stock.  The waste materials are baled and sent to a paper mill that does the actual recycling of the product. We do not actually recycle the materials.  The used boxes are sold to our customers as boxes and the sheet stock is converted into pads or tree wraps.

Hope this helps.

Sincerely,

Robbi Smith
Accounting

**EXHIBIT**

APPENDIX -88

D240

# P. T. MORGAN PAPER CO., INC.

### 33 EAST SOUTH STREET
### SMYRNA, DE 19977

**ACCOUNTING**
P O BOX 5011
SEVERNA PARK, MD 21146
PHONE 410-544-7733
FAX    410-544-7738

**WAREHOUSE**
P O BOX 147
SMYRNA, DE 19977
302-653-5008
302-653-0264

Date:  June 28, 2005

To:  Gary Eberhard

Re:  Meeting with Tim Reath

Gary,

Please have all of the Paper Company's employees that attended the Friday, June 24th meeting
with the Morgan Stanley representative to sign off on this page.

| EMPLOYEE NAME | EMPLOYEE SIGNATURE |
|---|---|
| Gary Eberhard | *(signature)* |
| Jennifer Bodine | |
| George Briggs, Sr. | *(signature) George Briggs sr.* |
| Jerry Broussard | *(signature)* |
| Zachary Cannon | *(signature)* |
| Doug Goodermuth | *(signature)* |
| Roy James | *(signature)* |
| Carlyle Moore | *(signature) Carlyle Moore* |
| Patrick Moore | *(signature) Patrick Moore* |
| Gregory Stevens | *(signature) Gregory P. Stevens Jr.* |
| Bernard Tingle | *(signature)* |

EXHIBIT

CC

APPENDIX -89

D25

| | | | | | |
|---|---|---|---|---|---|
| **PAPER'S SIMPLE IRA ELEGIBILITY FOR ALL EMPLOYEES** | | | | | |
| ELECTION DATE (ENROLLMENT DATE) IS ALWAYS JANUARY OF EACH YEAR. | | | | | |
| EMPLOYEES MUST EARN AT LEAST $1,000.00 OF INCOME IN THE FIRST 2 YEARS OF EMPLOYMENT TO BE ELIGIBLE. | | | | | |
| ALL CHANGES IN THE EMPLOYEES ELECTIVE DEFERRALS (WHAT THEY HAVE DEDUCTED FROM THEIR PAY) WILL HAPPEN ON THE NEXT ELECTION DATE OF JANUARY 2002. | | | | | |
| IF AN EMPLOYEE WISHES TO CHANGE HIS DEFERRAL, IT CAN BE DONE ON COMPANY LETTERHEAD. | | | | | |
| EMPLOYER WILL MATCH UP TO 3% OF THE EMPLOYEES' EARNINGS BUT WILL NOT EXCEED THE EMPLOYEES PAYROLL DEDUCTI | | | | | |
| AN EMPLOYEE CAN SIGN UP IN AN LATER YEAR FOR THE SIMPLE IRA IF HE DID NOT SIGN UP ON HIS ORIGINAL ELECTION DATE. | | | | | |
| | | | | | |
| NAME | DATE OF HIRE 1ST YR OF EMPLOY | SECOND YEAR OF EMPLOYMENT | ELECTION DATE | ACCEPTED BY EMPLOYEE | AMOUNT OF DEFERRAL |
| GARY EBERHARD | 8/26/02 | 8/26/03 | 1/1/04 | NO | NA |
| JENNIFER BODINE | 3/21/05 | 3/21/06 | 1/1/07 | ???? | |
| GEORGE BRIGGS | 8/19/02 | 8/19/03 | 1/1/04 | NO | NA |
| JERRY BROUSSARD | 2/19/96 | 2/19/97 | 1/1/98 | YES | 4% |
| ZACHARY CANNON | 1/24/05 | 1/24/06 | 1/1/07 | ???? | |
| DOUG GOODERMUTH | 7/11/88 | 7/11/89 | 1/1/90 | YES | 5% |
| ROY JAMES | 9/1/83 | 9/1/84 | 1/1/85 | YES | 3% |
| CARLYLE MOORE | 7/1/02 | 7/1/03 | 1/1/04 | NO | NA |
| PATRICK MOORE | 7/1/02 | 7/1/03 | 1/1/04 | NO | NA |
| GREGORY STEVENS | 3/28/99 | 3/28/00 | 1/1/01 | NO | NA |
| BERNARD TINGLE | 7/29/02 | 7/29/03 | 1/1/04 | NO | NA |

APPENDIX -90

*Simple IRA*

# APPENDIX A

## NOTICE TO EMPLOYEES OF:

Name of Employer _P. T. Morgan Packaging Co. & P.T. Morgan Paper Co._

Address of Employer _525 Broadwater Rd._

_Arnold Md. 21012_

SIMPLE PLAN Rules for _1997_ →
<br>(year)

You have the opportunity during the year specified above to save for your retirement by making salary reduction contributions (known as "elective deferrals") under our Dean Witter SIMPLE PLAN, and receive employer contributions to your SIMPLE IRA account, provided you meet the eligibility requirements described below.

This Notice to Employees sets forth the eligibility requirements, your rights to make, terminate or change your contribution rate and what the Employer contribution rate will be for the coming year. For more information about our plan, please read the Plan Summary enclosed with this Notice to Employees.

## I — Who is Eligible?

You are eligible to make elective deferrals during the year specified above if you:

1. Received at least $ _5,000_ in any _2_ previous years and are expected by the Employer to
<br>    (0-5000)       (0-2)

   receive at least $ _2,000_ during the year specified above from the Employer.
<br>        (0-5000)

2. All employees who meet the requirements of #1 above are eligible except the following employees are excluded regardless of compensation or years of service:

   a. ☐ employees who are members of a collective bargaining unit and whose retirement benefits have been the subject of good faith collective bargaining with the Employer.

   b. ☒ nonresident aliens who have no U.S. income derived from employment with the Employer.

## II — How and When May Employees Contribute?

### A. January 1 Elections

Complete and return the enclosed Salary Reduction Agreement by December 31 to have your election take effect as of January 1. If you have not already done so, you must open a Dean Witter SIMPLE IRA-2000® Account (or, if applicable, a SIMPLE IRA account sponsored by another financial institution) to receive your SIMPLE Plan contributions. If you are already contributing and wish to continue to do so without changing your contribution rate, you do not have to return this form. Your current election will remain in effect. If you want to stop contributing as of January 1 or any other date, check box 2 on the Salary Reduction Agreement, then sign, date and return the agreement to the Employer.

### B. Mid Year Changes

You may terminate your contributions at any time during the year by giving written notice to the Employer. If you stop contributing during the year or elect not to contribute as of January 1:

1. ☒ you may not change your rate of contributions, recommence making contributions or begin to make contributions until the next January 1.

2. ☐ you may change your contribution rate, recommence contributions or begin making contributions as

   of _____
<br>              (election dates)

APPENDIX -91

C. **Newly Hired Employees**

Newly hired employees may participate:

1. ☐ as of the first January 1 after completing the eligibility requirements shown in Part I above.

2. ☐ as of the first January 1 after the new employee's date of hire (check this only if no prior service or compensation is required under Part I above).

3. ☐ as of the first election date (January 1 or date shown in B above or, if no dates shown in B, _____)

    *(election date)*

    following the new employee's date of hire (no prior service or compensation is required under Part I above).

D. **Rehired Eligible Employees**

If you are an Eligible Employee who terminated employment and, upon being rehired, still meets the Plan's eligibility requirements, you may elect to participate in the Plan as soon as practicable after your date of rehire.

E. **First Year of Plan**

If this box is checked ☑ this is the first year the Employer has maintained a SIMPLE Plan.

You may commence participation as of _____, the effective date of the plan by returning a completed

    *(effective date)*

Salary Reduction Agreement to the Employer before the effective date.

## III — Employer Contributions

For the year specified above, the Employer will contribute to your SIMPLE IRA account an amount in addition to your elective deferrals equal to:

1. ☒ your elective deferrals but not more than ___**3.0**___ % of the compensation you receive from the Employer during the year.

    *(1-3)*

2. ☐ 2% of the compensation you receive from the Employer during the year but only if you actually receive at least $5,000 in compensation during the year. If box 2 is checked, compensation used to determine the 2% contribution may not exceed $150,000, subject to cost-of-living adjustments.

For further information please refer to the Plan Summary and the Disclosure Statement for your SIMPLE IRA account. These documents summarize the terms of the plan. The Employer has adopted the plan by completing an Employer Agreement. If there is any conflict between the summary documents and the Employer Agreement, the terms of the Employer Agreement will govern. The Employer will make a copy of the Employer Agreement available to you upon request.

## IV — Establishing Your SIMPLE IRA Account

You must establish a SIMPLE IRA account to receive your contributions. If you do not establish an account by the date contributions must be made, the Employer may establish an account on your behalf. The Employer:

1. ☒ Has designated Dean Witter as the sole institution to receive contributions under the plan. You must establish a Dean Witter SIMPLE IRA-2000® Account to receive contributions.

2. ☐ Has elected to allow you to designate the institution to receive your contributions.

APPENDIX -92

14

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **C.A. No.04-1304-KAJ** |
| P.T. MORGAN PAPER COMPANY, an<br>affiliate of P.T. MORGAN PACKAGING<br>COMPANY, | :<br><br>: | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**THIRD AND FOURTH SETS OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS ADDRESSED TO DEFENDANT, P.T. MORGAN PAPER COMPANY**

Defendant, P.T. Morgan Paper Company, by its attorneys, hereby objects to Plaintiff's

Third and Fourth Sets of Requests for Production of Documents ("Discovery") in accordance

with the numbered paragraphs as set forth below. Defendant reserves the right to amend or

supplement the responses contained herein as may be necessary or appropriate in the future.

Discovery has not concluded in this case. Defendant reserves the right to supplement its

responses at a later time as discovery is completed.

**GENERAL OBJECTIONS**

1.      Defendant objects generally to Discovery insofar as it requests information or

documents which are subject to the attorney-client privilege, or which constitute trial preparation

materials or attorney-client work product, or which are otherwise privileged or protected and not

subject to discovery.

2.      Defendant objects generally to Discovery to the extent that it seeks information

not relevant to this action or that does not appear reasonably calculated to lead to the discovery



APPENDIX -93

1.    Defendant objects to plaintiff's definitions and instructions insofar as they impose

burdens on Defendant beyond that required by the Federal Rules of Civil Procedure or the case

law in the Third Circuit.

## SPECIFIC OBJECTIONS TO PLAINTIFF'S
## THIRD SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
## (IN ADDITION TO AND SUBJECT TO ALL THE FOREGOING OBJECTIONS)

1.    Please produce a copy of any contracts which relate to a contractual relationship

between P.T. Morgan Packaging Company and P.T. Morgan Paper Company from January 1,

2000 to the present.  This request relates to, but is not limited to, contracts for services and/or

lease of property.

**Response:**  No further objections. No such documents are in the possession, custody or

control of defendant

2.    Please produce the personnel file of Aaron Moore.

**Response:** No further objections. No such documents are in the possession, custody or

control of defendant because P.T. Morgan Paper Company does not employ anyone by the name

of Aaron Moore.

3.    Please produce the federal tax returns for P.T. Morgan Packaging Company for

tax years 2002, 2003, and 2004.

**Response:** Objection. P.T. Morgan Packaging Company is a separate and distinct

corporation and legal entity.  Defendant P.T. Morgan Paper Company is not able to speak,

answer or otherwise act on its behalf.

Subject to and without waiving the foregoing objections:

The documents have already been produced. (Appendix to Defendant's Opening Brief in

3

/s/ Thomas S.. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Defendant

Dated: December 15, 2005

PTMorgan/Pleadings/Response to 3rd and 4th RFP Docs - FINAL

6

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT                        :
OPPORTUNITY COMMISSION,                 :
                                        :
    Plaintiff,                         :
                                        :
    v.                                 :
                                        :    **C.A. No.04-1304-KAJ**
P.T. MORGAN PAPER COMPANY, an           :
affiliate of P.T. MORGAN PACKAGING            :
COMPANY,                                :
                                        :
    Defendant.                         :

## DEFENDANT'S ANSWERS TO PLAINTIFF'S
## THIRD AND FOURTH SETS OF INTERROGATORIES ADDRESSED
## TO DEFENDANT, P.T. MORGAN PAPER COMPANY

Defendant, P.T. Morgan Paper Company, by its attorneys, hereby objects to Plaintiff's

Third and Fourth Sets of Interrogatories ("Discovery") in accordance with the numbered

paragraphs as set forth below. Defendant reserves the right to amend or supplement the

responses contained herein as may be necessary or appropriate in the future.

Discovery has not concluded in this case. Defendant reserves the right to supplement its

responses at a later time as discovery is completed.

## GENERAL OBJECTIONS

1.       Defendant objects generally to Discovery insofar as it requests information or

documents which are subject to the attorney-client privilege, or which constitute trial preparation

materials or attorney-client work product, or which are otherwise privileged or protected and not

subject to discovery.

2.       Defendant objects generally to Discovery to the extent that it seeks information

not relevant to this action or that does not appear reasonably calculated to lead to the discovery



APPENDIX -96

of admissible evidence.

3.      Defendant objects generally to Discovery insofar as it requests information or documents which constitute or contain sensitive and non-public business, medical patient, medical credentials, personal, income tax or other confidential information. Defendant will only produce such information, if not subject to any other objections, pursuant to an appropriate stipulation and order of confidentiality.

4.      Defendant objects generally to Discovery insofar as it requests personal or confidential information. Defendant will only produce such information, if not subject to any other objections, pursuant to an appropriate stipulation and order of confidentiality.

5.      Defendant objects generally to Discovery insofar as it seeks discovery of agreements with third parties (not parties to or related to this action) which may be subject to nondisclosure and either cannot be produced without agreement of a third party or cannot be produced without an appropriate stipulation and order of confidentiality.

6.      Defendant objects generally to Discovery insofar as it is burdensome because the discovery it seeks is already in the possession, custody or control of plaintiff.

7.      Defendant's responses that follow are without prejudice to and are not a waiver of the foregoing general objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Defendant objects to plaintiff's definitions and instructions insofar as they impose burdens on Defendant beyond that required by the Federal Rules of Civil Procedure or the case law in the Third Circuit.

2

## SPECIFIC OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES
## (IN ADDITION TO AND SUBJECT TO ALL THE FOREGOING OBJECTIONS)

1.     Identify the corporate street address for P.T. Morgan Packaging Company.

**Response:** Objection. P.T. Morgan Packaging Company is a separate and distinct

corporation and legal entity. Defendant P.T. Morgan Paper Company is not able to speak,

answer or otherwise act on its behalf.

Subject to and without waiving the foregoing objections:

525 Broadwater Road, Arnold, Maryland 21012

2.     Please identify all employees who have worked for P.T. Morgan Packaging

Company from January 1, 2000 through December 31, 2004. For each, provide the following

information:

      (a)     name;
      (b)     address;
      (c)     telephone number;
      (d)     date of hire;
      (e)     last date of employment, if relevant;
      (f)     position(s) of employment and dates in each position;
      (g)     whether Respondent considers this to be a management position;
      (h)     race;
      (i)     identify which, if any, of this employee's duties relate to the management of P.T. Morgan Paper Company.

**Response:** Objection. P.T. Morgan Packaging Company is a separate and distinct

corporation and legal entity. Defendant P.T. Morgan Paper Company is not able to speak,

answer or otherwise act on its behalf.

Subject to and without waiving the foregoing objections:

Ginger Andrews
106 Severn Ave., Severna Pd, MD 21146

3

410-544-1490
February 11, 1991
August 2, 2003
Accounting Supervisor
No
White
None

Kelly Even
5 Charles Rd., Linthicum, MD 21090
410-609-0707
July 22, 2002
November 6, 2003
Clerical
No
White
None

Rose Grabowki
403 Bird Song Ct., Balto, MD 21225
410-636-1446
June 21, 1993
N/A
Office Manager; Salesperson
No
White
None

Bonnie Meyers
848 Harbor View Terrace, Annapolis, MD 21401
410-757-2332
December 12, 1985
N/A
A/R Clerk; Secretary
No
White
None

Ferd Mihm
13005 Dulaney Valley Rd., Glen Arm, MD 21057
410-817-9050

4

March 23, 2000
March 17, 2004
Salesperson
No
White
None

Julie Miles
34 Jones Station, Severna Pk, MD 21146
410-647-2605
September, 1987
N/A
Housekeeping
No
Black
None

James Morgan
525 Broadwater, Arnold, MD 21012
410-544-8860
N/A
N/A
President
Yes
None

Cynthia Moss
525 Broadwater, Arnold, MD 21012
410-544-8860
January, 1989
N/A
Salesperson
No
White
None

Marianne Persico
216 St. Andrews Severna Pk., MD 21146
410-729-3123
July 12, 1994

5

.

N/A
Salesperson
No
White
None

Linda Reppenhagen
79 Heritage Ct., Annapolis, MD 21401
410-268-0814
December 3, 1998
N/A
Customer Service
No
White
None

Cecelia "Robbi" Smith
2930 Crystal Palace Lane, Pasadend, MD 21122
410-437-8660
October 7, 2002
N/A
Accounting Supervisor
No
White
None

## SPECIFIC OBJECTIONS TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES (IN ADDITION TO AND SUBJECT TO ALL THE FOREGOING OBJECTIONS)

1.      Identify who owns the property used by P.T. Morgan Paper at 33 East South

Street, Smyrna, Delaware.  If there is a mortgage on this property, identify the mortgagor and the

mortgagee on the mortgage.

**Response:** No further objections.  The Lessor of the property is Smyrna Professional

Properties LLC.

2.      Identify all instances in which P.T. Morgan Packaging Company has acted as a

guarantor for or provided some type of security for any debts of P.T. Morgan Paper Company,

including but not limited to all loans or other debts owed to Maryland National Bank, Baltimore,

6

MD, Bank of America, N.A., Charlotte, NC, Nationsbank NA NKA Bank of America NA.

**Response:** Objection. P.T. Morgan Packaging Company is a separate and distinct

corporation and legal entity.  Defendant P.T. Morgan Paper Company is not able to speak,

answer or otherwise act on its behalf.

Subject to and without waiving the foregoing objections:

None.

As to objections:

THE NEUBERGER FIRM, P.A.

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Defendant

Dated: December 15, 2005

PTMorgan/Pleadings/Answers to 3rd and 4th ROGS - FINAL

7

## DECLARATION OF JAMES B. MORGAN UNDER 28 U.S.C. § 1746

1. I am the Vice President of P.T. Morgan Paper Company of Smyrna, Delaware, the Defendant in this action. I have investigated and/or have personal knowledge of the facts contained in this Declaration and, if called as a witness, I am competent to testify to those facts.

2. I have read the Defendant's Answers to Plaintiff's Third and Fourth Sets of Interrogatories set out above. The answers contained therein are true and correct to the best of my knowledge, information, and belief.

3. Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

/s/ James B. Morgan
**JAMES B. MORGAN**

8

APPENDIX -103

12/14/05    16:55    MORGAN PACKAGING CO → 13026559329                    NO.043    D02

SENT BY: THE NEUBERGER FIRM P.A.;              302 655 9329;          DEC-14-05  4:09PM;      PAGE 9

## DECLARATION OF JAMES B. MORGAN UNDER 28 U.S.C. § 1746

1. I am the Vice President of P.T. Morgan Paper Company of Smyrna, Delaware, the Defendant in this action. I have investigated and/or have personal knowledge of the facts contained in this Declaration and, if called as a witness, I am competent to testify to those facts.

2. I have read the Defendant's Answers to Plaintiff's Third and Fourth Set of Interrogatories set out above. The answers contained therein are true and correct to the best of my knowledge, information, and belief.

3. Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.


_James B. Morgan_
**JAMES B. MORGAN**


8



To save report(s) to your PC, click here for instructions.    ☒ Print this Report

# D&B Business Information Report: MORGAN, P T PACKAGING COMPANY, INC

Copyright 2004 Dun & Bradstreet - Provided under contract
for the exclusive use of subscriber 061018123L

ATTN: judity oboyle-phila do 2004                    Report Printed: AUG 18

In Date

```
================================================================================
=
                          * * * BUSINESS SUMMARY * * *
================================================================================
=
```

MORGAN, P T PACKAGING COMPANY, INC
525 Broadwater Rd
Arnold, MD  21012

This is a single location.

| | | |
|---|---|---|
| Mailing address: | PO Box 533 Severna Park, MD 21146 | |
| Telephone: | 410 544-7733 | |
| Chief executive: | JAMES B MORGAN, PRES-TREAS | |
| Year started: | 1982 | |
| Employs: | 9 | |
| History: | CLEAR | |
| SIC: | 5113 | |
| Line of business: | Whol corrugated cardboard boxes | |

D-U-N-S® Number:    00-506-9034

D&B Rating:    2R2

Number of employees:    2R is 1 to 9 employees.

Composite credit appraisal:    2 is good.

D&B PAYDEX®:

12-Month D&B PAYDEX:    85

When weighted by dollar amount, payments to suppliers average 10 days sooner than terms.

Based on trade collected over last 12 months.

```
================================================================================
=
```



**EXHIBIT**

APPENDIX -104

```
                      * * * SUMMARY ANALYSIS * * *
===============================================================================
=

D&B Rating:         2R2

Number of           2R indicates 1 to 9 employees.
employees:

Composite credit    2 is good.
appraisal:

The 1R and 2R ratings categories reflect company size based on the total
number of employees for the business. They are assigned to business files that
do not contain a current financial statement. In 1R and 2R Ratings, the 2, 3,
or 4 creditworthiness indicator is based on analysis by D&B of public filings,
trade payments, business age and other important factors. 2 is the highest
Composite Credit Appraisal a company not supplying D&B with current financial
information can receive.

Below is an overview of the company's rating history since 01/01/91:

     D&B Rating    Date Applied
        2R2          02/26/99
        2R3          06/20/97
        2R2          04/02/96
        2R3          08/30/95
        --           01/01/91

The Summary Analysis section reflects information in D&B's file as of August
16, 2004.


===============================================================================
=
                      * * * CUSTOMER SERVICE * * *
===============================================================================
=

If you have questions about this report, please call our Customer Resource
Center at 1.800.234.3867 from anywhere within the U.S.  If you are outside the
U.S. contact your local D&B office.

             *** Additional Decision Support Available ***

Additional D&B products, monitoring services and specialized investigations
are available to help you evaluate this company or its  industry.  Call Dun &
Bradstreet's Customer Resource Center at 1.800.234.3867 from anywhere within
the U.S. or visit our website at www.dnb.com

===============================================================================
=
                        * * * HISTORY * * *
===============================================================================
=


The following information was reported 07/30/2004:

Officer(s):       JAMES B MORGAN, PRES-TREAS
```

APPENDIX -105

PEGGY MORGAN, V PRES-SEC

DIRECTOR(S):        THE OFFICER(S)

Business started 1982 by the officers. 50% of capital stock is owned by James
B Morgan. 50% of capital stock is owned by Peggy Morgan.

JAMES B MORGAN born 1934. 1983-present active with affiliate. 1982-present
active here. 1977-82 active as v pres-gen mgr of Baltimore Box Co, Baltimore,
MD, left in good standing. 1972-77 active as v pres-gen mgr of Interstate
Container, Edison, NJ, left in good standing. 1969-72 active as gen mgr of
Interstate Container, Harrison, NJ. 1966-69 active as manufacturing manager of
Mead Containers, Cincinnati, OH. 1964-66 active as manufacturing manager of
Mead Containers, Chicago, IL. 1964-66 employed as a production staff assistant
with Mead Containers, Cincinnati, OH. 1960-62 active as an instructor for the
US Army Aviation School. 1958-60 active as an aviator, ranger and paratrooper
with the US Army. 1958 graduated form the United States Military Academy, West
Point, NY.

PEGGY MORGAN born 1933. 1983-present active with affiliate. 1983-present
active here. 1966-83 active as a homemaker. 1964-66 active with the Fifth Army
Headquarters, Chicago, IL. 1962-64 active with GAO, Cincinnati, OH. 1959-62
employed as a personnel officer for the US Army Aviation School, Ft. Rucker,
AL.

        -----------------------------------------------------------------

AFFILIATE:
 The following is related through common ownership and/or financial interest.

The P T Morgan Paper Company (Inc), Smyrna, DE, started 1983. Manufactures
corrugated paper. DUNS #-822-1722. Intercompany relations consist of sales and
purchases on regular terms. There is no financial information available.

================================================================================
=
                    * * * BUSINESS REGISTRATION * * *
================================================================================
=

CORPORATE AND BUSINESS REGISTRATIONS PROVIDED BY MANAGEMENT OR OTHER SOURCE

The Corporate Details provided below may have been submitted by the management
of the subject business and may not have been verified with the government
agency which records such data.

Registered Name:            Morgan, P T Packaging Company Inc

Business type:              CORPORATION

Corporation type:           PROFIT

Date incorporated:          JUN 18 1982

State of incorporation:     MARYLAND

Common stock
Authorized shares:  5,000

APPENDIX -106

```
Par value:NO PAR VALUE
Where filed:                        Secretary of State, Baltimore, MD


=============================================================================
=
                        * * * OPERATIONS * * *
=============================================================================
=

07/30/2004

Description:         Wholesales corrugated cardboard boxes, waste paper and
                    other packaging materials (2%).

                    Terms are 1% 10 net 30 days. Has 75 account(s). Sells to
                    commercial concerns. Territory : Virginia, Maryland, New
                    Jersey, New York, Delaware and Pennsylvania.

                    Season peaks summer. Business slow Jan.

Employees:          9 which includes officer(s). There is no employee
                    fluctuation with seasons.

Facilities:         Owns 3,000 sq. ft. in two story brick building. Business
                    leases from owners.

Location:           Residential section on side street.



=============================================================================
=
                        * * * SIC & NAICS * * *
=============================================================================
=

SIC: Based on information in our file,    NAICS:
D&B has assigned this company an
extended 8-digit SIC. D&B's use of        424130   Industrial and Personal
8-digit SICs enables us to be more                 Service Paper Merchant
specific to a company's operations                 Wholesalers
than if we use the standard
4-digit code.

51130304    Corrugated and solid
            fiber boxes



=============================================================================
=
                        * * * D&B PAYDEX * * *
=============================================================================
=


The D&B PAYDEX is a unique, dollar weighted indicator of payment performance
based on up to 18 payment experiences as reported to D&B by trade references.

3-Month D&B PAYDEX:  80             | 12-Month D&B PAYDEX:  85
```

APPENDIX -107

When weighted by dollar amount, payments to suppliers average  within days terms.

When weighted by dollar amount, payments to suppliers average 10 sooner than terms.

Based on trade collected over last 3 months.

Based on trade collected over last 12 months.

When dollar amounts are not considered, then approximately 96% of the company's payments are within terms.

========================================================================

* * * PAYMENT SUMMARY * * *

========================================================================

The Payment Summary section reflects payment information in D&B's file as of the date of this report.

Below is an overview of the company's dollar-weighted payments, segmented by its suppliers' primary industries:

| | Total Rcv'd (#) | Total Dollar Amounts ($) | Largest High Credit ($) | W/In Terms (%) | <31 | Days 31-60 | Slow 61-90 | 90> |
|---|---|---|---|---|---|---|---|---|
| Top industries: | | | | | | | | |
| Mfg corrugated boxes | 3 | 20,750 | 20,000 | 100 | - | - | - | - |
| Nonclassified | 3 | 3,500 | 2,500 | 100 | - | - | - | - |
| Paper mill | 2 | 65,000 | 55,000 | 100 | - | - | - | - |
| Trucking non-local | 2 | 35,250 | 35,000 | 99 | 1 | - | - | - |
| Telephone communictns | 2 | 750 | 500 | 100 | - | - | - | - |
| Sawmill/planing mill | 1 | 10,000 | 10,000 | 100 | - | - | - | - |
| Mfg plastic foam prdt | 1 | 10,000 | 10,000 | 100 | - | - | - | - |
| Whol electrical equip | 1 | 1,000 | 1,000 | 100 | - | - | - | - |
| Short-trm busn credit | 1 | 50 | 50 | 100 | - | - | - | - |
| | | | | | | | | |
| Other payment categories: | | | | | | | | |
| Cash experiences | 0 | 0 | 0 | | | | | |
| Payment record unknown | 2 | 100 | 50 | | | | | |
| Unfavorable comments | 0 | 0 | 0 | | | | | |
| | | | | | | | | |
| Placed for collections: | | | | | | | | |
| With D&B | 0 | 0 | | | | | | |
| Other | 0 | N/A | | | | | | |
| Total in D&B's file | 18 | 146,400 | 55,000 | | | | | |

The highest "Now Owes" on file is $20,000

The highest "Past Due" on file is $0

D&B receives nearly 400 million payment experiences each year. We enter these new and updated experiences into D&B Reports as this information is received.

APPENDIX -108

```
========================================================================
=
                         * * * PAYMENT DETAILS * * *
========================================================================
=

Detailed payment history

Date      Paying          High      Now     Past     Selling       Last
Sale
Reported  Record          Credit    Owes    Due      Terms         Within
 (mm/yy)                  ($)       ($)     ($)
 (months)

07/04     Ppt             20,000    20,000    0                     1 mo
          Ppt              1,000        50    0       N30           1 mo
          Ppt                500         0    0                     6-12
mos
          (004)               50         0    0                     6-12
mos
06/04     Ppt              2,500         0    0                     6-12
mos
          Ppt                500         0    0                     1 mo
          Ppt                500         0    0                     1 mo
          Ppt                 50        50    0                     1 mo
05/04     Ppt                250       250    0                     1 mo
03/04     Ppt             10,000    10,000    0                     1 mo
          Ppt                750         0    0                     6-12
mos
12/03     Ppt             10,000         0    0       1 10 N30      6-12
mos
10/03     Disc                 0         0    0                     6-12
mos
09/03     Ppt             35,000         0    0       N30           6-12
mos
          Slow 30            250         0    0                     6-12
mos
08/03     Disc            55,000         0    0       Regular terms 6-12
mos
06/03     (017)               50         0    0                     6-12
mos
05/03     Disc            10,000         0    0       1 10 N30      4-5 mos
```

Payment experiences reflect how bills are met in relation to the terms
granted. In some instances payment beyond terms can be the result of disputes
over merchandise, skipped invoices etc.

Each experience shown is from a separate supplier. Updated trade experiences
replace those previously reported.

```
========================================================================
=
                            * * * FINANCE * * *
========================================================================
=
```

07/30/2004

APPENDIX -109

```
=========================================================================
=
                          * * * FINANCE * * *
=========================================================================
=

05/15/2004


On May 4, 2004, outside sources confirmed a valid telephone number and
address.


=========================================================================
=
                       * * * PUBLIC FILINGS * * *
=========================================================================
=

The following Public Filing data is for information purposes only and is not
the official record. Certified copies can only be obtained from the official
source.


=========================================================================
=
                        * * * UCC FILINGS * * *
=========================================================================
=


Type:                       Continuation
Sec. party:                 MARYLAND NATIONAL BANK, BALTIMORE, MD
Debtor:                     THE P.T. MORGAN PAPER COMPANY and OTHERS
Filing number:              9813678
Filed with:                 SECRETARY OF STATE/UCC DIVISION, DOVER, DE

Date filed:                 03/30/1998
Latest Info Received:       04/22/1998
Original UCC filed date:    05/09/1988
Original filing no.:        8806317

The public record items contained in this report may have been paid,
terminated, vacated or released prior to the date this report was printed.


=========================================================================
=
                     * * * GOVERNMENT ACTIVITY * * *
=========================================================================
=

Activity summary
        Borrower (Dir/Guar):                    NO
        Administrative debt:                    NO
        Contractor:                             NO
        Grantee:                                NO
        Party excluded from federal program(s): NO
```

APPENDIX -110

```
Possible candidate for socio-economic program consideration
        Labor surplus area:              N/A
        Small Business:                  YES (2004)
        8(A) firm:                       N/A

The details provided in the Government Activity section are as reported to Dun
& Bradstreet by the federal government and other sources.

-----------------------------------------------------------------------------
             Copyright 2004 Dun & Bradstreet - Provided under contract
                  for the exclusive use of subscriber 061018123L


                        FULL DISPLAY COMPLETE
```

APPENDIX -111

On Jul 30 2004 attempts to contact the management of this business have been
unsuccessful. Outside sources confirmed operation and location.


```
==============================================================================
=
                        * * * PUBLIC FILINGS * * *
==============================================================================
=
```

The following Public Filing data is for information purposes only and is not
the official record. Certified copies can only be obtained from the official
source.


```
==============================================================================
=
                          * * * UCC FILINGS * * *
==============================================================================
=
```


| | |
|---|---|
| Collateral: | Account(s) including proceeds and products - NOTES RECEIVABLE/RETURNED OR REPOSSESSED GOODS including proceeds and products |
| Type: | Original |
| Sec. party: | BANK OF AMERICA, N.A., CHARLOTTE, NC |
| Debtor: | THE P.T. MORGAN PAPER COMPANY |
| Filing number: | 00000181049742 |
| Filed with: | SECRETARY OF STATE/DEPARTMENT OF ASSESSMENT AND TAXATION/UCC DIVISION, BALTIMORE, MD |
| | |
| Date filed: | 06/13/2000 |
| Latest Info Received: | 09/19/2000 |

--------------------------------------------------------------------

| | |
|---|---|
| Type: | Continuation |
| Sec. party: | MARYLAND NATIONAL BANK, BALTIMORE, MD |
| Debtor: | THE P.T. MORGAN PAPER COMPANY and OTHERS |
| Filing number: | 9813678 |
| Filed with: | SECRETARY OF STATE/UCC DIVISION, DOVER, DE |
| | |
| Date filed: | 03/30/1998 |
| Latest Info Received: | 04/22/1998 |
| Original UCC filed date: | 05/09/1988 |
| Original filing no.: | 8806317 |

--------------------------------------------------------------------

| | |
|---|---|
| Type: | Continuation |
| Sec. party: | NATIONSBANK NA NKA BANK OF AMERICA NA |
| Debtor: | THE P.T. MORGAN PAPER COMPANY |
| Filing number: | 3069410 2 |
| Filed with: | SECRETARY OF STATE/UCC DIVISION, DOVER, DE |
| | |
| Date filed: | 03/03/2003 |
| Latest Info Received: | 04/14/2003 |
| Original UCC filed date: | 05/09/1988 |
| Original filing no.: | 8806317 |

The public record items contained in this report may have been paid,
terminated, vacated or released prior to the date this report was printed.

APPENDIX -112

```
================================================================================
=
                       * * * GOVERNMENT ACTIVITY * * *
================================================================================
=

Activity summary
     Borrower (Dir/Guar):                    NO
     Administrative debt:                    NO
     Contractor:                             NO
     Grantee:                                NO
     Party excluded from federal program(s): NO

Possible candidate for socio-economic program consideration
     Labor surplus area:                     N/A
     Small Business:                         YES (2004)
     8(A) firm:                              N/A
```

The details provided in the Government Activity section are as reported to Dun
& Bradstreet by the federal government and other sources.

--------------------------------------------------------------------------------
          Copyright 2004 Dun & Bradstreet - Provided under contract
              for the exclusive use of subscriber 061018123L

                         FULL DISPLAY COMPLETE

APPENDIX -113

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT            )
OPPORTUNITY COMMISSION,     )
       Plaintiff,             )
                              )
           v.            ) **Civil Action No. 04-1304**
                             ) **Judge Kent A. Jordan**
                             )
P.T. MORGAN PAPER COMPANY, an   )
affiliate of P.T. MORGAN PACKAGING  )
COMPANY,                 )
       Defendant.           )

## COMMISSION'S REQUEST FOR ADMISSIONS (FIRST SET)
## DIRECTED TO DEFENDANT

TO:    Thomas S. Neuberger and
        Steven J. Neuberger
        Two East Seventh St., Suite 302
        Wilmington, DE 19801-3725
        Attorneys for Defendant

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

(26)    P.T. Morgan Paper Company owns the property at 525 Broadwater Road, Arnold, MD.

          Admit _____               Deny _____

(27)    P.T. Morgan Packaging Company owns the property at 525 Broadwater Road, Arnold, MD.

          Admit _____               Deny _____

(28)    P.T. Morgan Paper Company leases space at 525 Broadwater Road, Arnold, MD.

          Admit _____             Deny _____



EXHIBIT

APPENDIX -114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT                    :
OPPORTUNITY COMMISSION,             :
                                   :
        Plaintiff,                 :
                                   :
        v.                         :
                                   :    C.A. No.04-1304-KAJ
P.T. MORGAN PAPER COMPANY, an      :
affiliate of P.T. MORGAN PACKAGING :
COMPANY,                           :
                                   :
        Defendant.                 :

## DEFENDANT'S RESPONSE TO THE COMMISSION'S
## REQUEST FOR ADMISSIONS (FIRST SET)

### GENERAL OBJECTIONS

1.    Defendant objects generally to Discovery to the extent that it seeks information

not relevant to this action or that does not appear reasonably calculated to lead to the discovery of

admissible evidence.

2..   Defendant's responses that follow are without prejudice to and are not a waiver of

the foregoing general objections.

### OBJECTION TO INTRODUCTION

3.    Defendant objects to plaintiff's erroneous assertion that the named defendant is

"Novartis Pharmaceuticals Corporation." Defendant assumes plaintiff's intent was to assert the

named defendant as "P.T. Morgan Paper Company."

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

4.    Defendant objects to plaintiff's definitions and instructions insofar as they impose

burdens on defendant beyond that required by the Federal Rules of Civil Procedure or the case

(19)   Denied.

(20)   Denied.

(21)   Admitted.

(22)   Admitted.

(23)   Denied.

(24)   Denied.

(25)   Admitted.

(26)   Denied.

(27)   Denied.

(28)   Denied.

**THE NEUBERGER FIRM, P.A.**

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Defendant

DATED: December 14, 2005

PTMorganPleadingsFirstRFADocs-FINAL

3

APPENDIX -116

):Robbie. COMPANY:P T Morgan Paper Co.

## STATEMENT OF DEPOSITS & FILINGS

**TAX FILING SERVICE**

** SECOND QUARTER 1998 **

P T MORGAN PAPER CO INC

525 BROADWATER RD
ARNOLD        MD 21012

| | |
|---|---|
| STATEMENT DATE | 07/19/98 |
| BR/COMPANY | 55/3EA |
| AGENT | 005 |
| COMBO | NO |

FEDERAL ID:  51-0270880

### FEDERAL INFORMATION

QUARTER WAGE RECAP:

| | | | |
|---|---|---|---|
| FIT WAGES | 47,408.25 | INCOME TAX WITHHELD | 5,543.41 |
| SOC.SEC. EE WAGES | 48,082.73 | TOTAL SOC.SEC. TAXES | 5,962.26 |
| SOC.SEC. ER WAGES | 48,082.73 | | |
| MEDICARE WAGES | 48,082.73 | TOTAL MEDICARE TAXES | 1,394.40 |
| TAXABLE TIPS | .00 | EARNED INCOME CREDIT | .00 |
| MEDICARE 3PSP TAXES | .00 | FUTA TAX | 140.15 |
| SOC.SEC. EE 3PSP TAXES | .00 | FICA EXEMPT: NO      FUTA EXEMPT: NO | |
| UNCOL SOC SEC/MED | .00 | SOC.SEC. RATE: 12.40% FUTA RATE:  .80% | |
| FUTA TAXABLE WAGES | 17,518.83 | MEDICARE RATE: 2.90% | |

FEDERAL DEPOSIT FREQUENCY: SEMI-WEEKLY

ADP FILING RESPONSIBILITY: 941 QUARTERLY,ANNUAL W-3/W-2,ANNUAL 940
CLIENT FILING RESPONSIBILITY: NONE

DEPOSIT DETAIL                                              QBU BATCH NBR  98/3/488

| DEPOSIT DATE | FEDERAL INCOME TAX | EARNED INC CR | EMPLOYEE FICA | EMPLOYER FICA | TOTAL (MINUS FUTA) | FUTA |
|---|---|---|---|---|---|---|
| 04-10-98 | 411.07 | | 294.72 | 294.71 | 1,000.50 | |
| 04-17-98 | 393.47 | | 276.62 | 276.63 | 946.72 | |
| 04-24-98 | 415.54 | | 295.69 | 295.70 | 1,006.93 | |
| 05-01-98 | 413.28 | | 295.14 | 295.09 | 1,003.51 | |
| 05-08-98 | 528.11 | | 335.21 | 335.24 | 1,198.56 | |
| 05-15-98 | 434.97 | | 284.13 | 284.14 | 1,003.24 | |
| 05-22-98 | 453.90 | | 301.61 | 301.59 | 1,057.10 | |
| 05-29-98 | 427.42 | | 280.19 | 280.20 | 987.81 | |
| 06-05-98 | 470.74 | | 294.48 | 294.48 | 1,059.70 | |
| 06-12-98 | 380.58 | | 243.13 | 243.13 | 866.84 | |
| 06-19-98 | 432.50 | | 279.48 | 279.50 | 991.48 | |
| 06-26-98 | 388.21 | | 248.43 | 248.42 | 885.06 | |
| 07-06-98 | 383.62 | | 249.50 | 249.50 | 892.62 | |
| 07-31-98 | | | | | | 140.15 |
| TOTAL DEPOSITS | 5,543.41 | .00 | 3,678.33 | 3,678.33 | 12,900.07 | 140.15 |
| TOTAL LIABILITY | 5,543.41 | .00 | 3,678.33 | 3,678.33 | 12,900.07 | 140.15 |
| *ADJUSTMENT | .00 | .00 | .00 | .00 | .00 | .00 |
| DIFFERENCE | .00 | .00 | .00 | .00 | .00 | .00 |

We have filed the Quarterly 941 Return.

THIS STATEMENT SHOULD BE RETAINED AS PART OF YOUR TAX RECORDS.

**EXHIBIT**

tabbies

∟

APPENDIX -117

**CONFIDENTIAL**
**Attorney's Eyes Only**

Form **1120S**
Department of the Treasury
Internal Revenue Service

**U.S. Income Tax Return for an S Corporation**
► Do not file this form unless the corporation has timely filed
Form 2553 to elect to be an S corporation.
► See separate instructions.

OMB No. 1545-0130

**2003**

For calendar year 2003, or tax year beginning _____, 2003, and ending _____

**A** Effective date of election as an S corporation
08/01/84

**B** Business code number (see instructions)
422100

Use the IRS label. Otherwise, print or type.

Name
P. T. Morgan Paper Company, Inc.

Number, street, and room or suite no. (If a P.O. box, see instructions)
525 Broadwater Road

City or town          State     ZIP code
Arnold                MD        21012

**C** Employer identification number
[redacted]

**D** Date incorporated
06/24/83

**E** Total assets (see instructions)
$ 169,988.

**F** Check applicable boxes: (1) ☐ Initial return (2) ☐ Final return (3) ☐ Name change (4) ☐ Address change (5) ☐ Amended return

**G** Enter number of shareholders in the corporation at end of the tax year ............................................ ► 2

Caution: Include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.

**INCOME**

| | | |
|---|---|---|
| 1a Gross receipts or sales .. | 731,426. | b Less returns and allowances .. | 32. | c Bal ► | **1c** | |
| 2 Cost of goods sold (Schedule A, line 8) ........................................................ | **2** | |
| 3 Gross profit. Subtract line 2 from line 1c .................................................... | **3** | |
| 4 Net gain (loss) from Form 4797, Part II, line 18 (attach Form 4797) ............... | **4** | |
| 5 Other income (loss) (attach schedule) ...See Other Income (Loss)................ | **5** | |
| 6 Total Income (loss). Add lines 3 through 5 ................................................. | **6** | |

**DEDUCTIONS (See Instructions)**

| | | |
|---|---|---|
| 7 Compensation of officers .......................................................................... | **7** | |
| 8 Salaries and wages (less employment credits) .......................................... | **8** | |
| 9 Repairs and maintenance .......................................................................... | **9** | |
| 10 Bad debts ................................................................................................ | **10** | |
| 11 Rents ....................................................................................................... | **11** | |
| 12 Taxes and licenses .................................................................................. | **12** | |
| 13 Interest .................................................................................................... | **13** | |
| 14a Depreciation (Attach Form 4562) .......................... | 14a | | | |
| b Depreciation claimed on Schedule A and elsewhere on return .............. | 14b | | | |
| c Subtract line 14b from line 14a ................................................................ | **14c** | |
| 15 Depletion (Do not deduct oil and gas depletion.) ...................................... | **15** | |
| 16 Advertising .............................................................................................. | **16** | |
| 17 Pension, profit-sharing, etc, plans .......................................................... | **17** | |
| 18 Employee benefit programs ..................................................................... | **18** | |
| 19 Other deductions (attach schedule) .....See Other Deductions................. | **19** | |
| 20 Total deductions. Add the amounts shown in the far right column for lines 7 through 19 ......... | **20** | |
| 21 Ordinary income (loss) from trade or business activities. Subtract line 20 from line 6 ........ | **21** | |

**TAX AND PAYMENTS**

| | | |
|---|---|---|
| 22 Tax: a Excess net passive income tax (attach schedule) .......................... | 22a | | | |
| b Tax from Schedule D (Form 1120S) ........................ | 22b | | | |
| c Add lines 22a and 22b (see instructions for additional taxes) ................ | **22c** | |
| 23 Payments: a 2003 estimated tax payments and amount applied from 2002 return .......... | 23a | | | |
| b Tax deposited with Form 7004 ................................ | 23b | 0. | | |
| c Credit for Federal tax paid on fuels (attach Form 4136) ......... | 23c | | | |
| d Add lines 23a through 23c ...................................................................... | **23d** | 0. |
| 24 Estimated tax penalty (See instructions). Check if Form 2220 is attached .................. ► ☐ | **24** | |
| 25 Tax due. If line 23d is smaller than the total of lines 22c and 24, enter amount owed ........ | **25** | 0. |
| 26 Overpayment. If line 23d is larger than the total of lines 22c and 24, enter amount overpaid ...... | **26** | |
| 27 Enter amount of line 26 you want: Credited to 2004 estimated tax .. ►_____ Refunded ► | **27** | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

_____   _____   _____
Signature of officer          Date       Title

May the IRS discuss this return with the preparer shown below (see instructions)? ☒ Yes ☐ No

**Paid Preparer's Use Only**

Preparer's signature ► Shanie K. Wade, CPA    Date 05/07/04    Check if self-employed ☐    Preparer's SSN or PTIN [redacted]

Firm's name (or yours if self-employed), address, and ZIP code ►
CLARK & ANDERSON, P.A.
7678 QUARTERFIELD RD, SUITE 101
GLEN BURNIE          MD  21061

EIN [redacted]
Phone no. (410) 766-5400

BAA For Paperwork Reduction Act Notice, see separate instructions.    SPSA0112 08/20/03    Form 1120S (2003)

APPENDIX -118

# APPENDIX A

*Simple IRA*

## NOTICE TO EMPLOYEES OF:

Name of Employer _P. T. Morgan Packaging Co. & P.T. Morgan Paper Co._

Address of Employer _525 Broadwater Rd._

_Arnold Md. 21012_

SIMPLE PLAN Rules for ___1997 →___
(year)

You have the opportunity during the year specified above to save for your retirement by making salary reduction contributions (known as "elective deferrals") under our Dean Witter SIMPLE Plan, and receive employer contributions to your SIMPLE IRA account, provided you meet the eligibility requirements described below.

This Notice to Employees sets forth the eligibility requirements, your rights to make, terminate or change your contribution rate and what the Employer contribution rate will be for the coming year. For more information about our plan, please read the Plan Summary enclosed with this Notice to Employees.

## I — Who is Eligible?

You are eligible to make elective deferrals during the year specified above if you:

1. Received at least $ ___1,000___ in any ___2___ previous years and are expected by the Employer to
   (0-5000)                         (0-2)

   receive at least $ ___2,000___ during the year specified above from the Employer.
   (0-5000)

2. All employees who meet the requirements of #1 above are eligible except the following employees are excluded regardless of compensation or years of service:

   a. ☐ employees who are members of a collective bargaining unit and whose retirement benefits have been the subject of good faith collective bargaining with the Employer.

   b. ☒ nonresident aliens who have no U.S. income derived from employment with the Employer.

## II — How and When May Employees Contribute?

### A. January 1 Elections
Complete and return the enclosed Salary Reduction Agreement by December 31 to have your election take effect as of January 1. If you have not already done so, you must open a Dean Witter SIMPLE IRA-2000® Account (or, if applicable, a SIMPLE IRA account sponsored by another financial institution) to receive your SIMPLE Plan contributions. If you are already contributing and wish to continue to do so without changing your contribution rate, you do not have to return this form. Your current election will remain in effect. If you want to stop contributing as of January 1 or any other date, check box 2 on the Salary Reduction Agreement, then sign, date and return the agreement to the Employer.

### B. Mid Year Changes
You may terminate your contributions at any time during the year by giving written notice to the Employer. If you stop contributing during the year or elect not to contribute as of January 1:

1. ☒ you may not change your rate of contributions, recommence making contributions or begin to make contributions until the next January 1.

2. ☐ you may change your contribution rate, recommence contributions or begin making contributions as

   of_____.
   (election dates)

APPENDIX -119

**EXHIBIT**

**C.  Newly Hired Employees**
Newly hired employees may participate:

1.  ☐  as of the first January 1 after completing the eligibility requirements shown in Part I above.

2.  ☐  as of the first January 1 after the new employee's date of hire (check this only if no prior service or compensation is required under Part I above).

3.  ☐  as of the first election date (January 1 or date shown in B above or, if no dates shown in B, _____ )
    <span style="text-align:right">*(election date)*</span>
    following the new employee's date of hire (no prior service or compensation is required under Part I above).

**D.  Rehired Eligible Employees**
If you are an Eligible Employee who terminated employment and, upon being rehired, still meets the Plan's eligibility requirements, you may elect to participate in the Plan as soon as practicable after your date of rehire.

**E.  First Year of Plan**
If this box is checked ☑ this is the first year the Employer has maintained a SIMPLE Plan.

You may commence participation as of _____, the effective date of the plan by returning a completed
    <span style="text-align:center">*(effective date)*</span>
Salary Reduction Agreement to the Employer before the effective date.

## III — Employer Contributions

For the year specified above, the Employer will contribute to your SIMPLE IRA account an amount in addition to your elective deferrals equal to:

1.  ☒  your elective deferrals but not more than ___**3.0**___ % of the compensation you receive from the Employer during
    the year.    *(1-3)*

2.  ☐  2% of the compensation you receive from the Employer during the year but only if you actually receive at least $5,000 in compensation during the year. If box 2 is checked, compensation used to determine the 2% contribution may not exceed $150,000, subject to cost-of-living adjustments.

For further information please refer to the Plan Summary and the Disclosure Statement for your SIMPLE IRA account. These documents summarize the terms of the plan. The Employer has adopted the plan by completing an Employer Agreement. If there is any conflict between the summary documents and the Employer Agreement, the terms of the Employer Agreement will govern. The Employer will make a copy of the Employer Agreement available to you upon request.

## IV — Establishing Your SIMPLE IRA Account

You must establish a SIMPLE IRA account to receive your contributions. If you do not establish an account by the date contributions must be made, the Employer may establish an account on your behalf. The Employer:

1.  ☒  Has designated Dean Witter as the sole institution to receive contributions under the plan. You must establish a Dean Witter SIMPLE IRA-2000® Account to receive contributions.

2.  ☐  Has elected to allow you to designate the institution to receive your contributions.

APPENDIX -120

# APPENDIX B

## SALARY REDUCTION AGREEMENT
## DEAN WITTER SIMPLE PLAN FOR EMPLOYEES OF:

Name of Employer  P.T. Morgan Packaging Co. & P.T. Morgan Paper Co.

Address of Employer  525 Broadwater Rd.

Arnold Md. 21012

**Instructions for Employees:**

- To start or change your contributions check box 1 and fill in the percentage (1-100) of your compensation to be contributed. This will cause a reduction of both your cash compensation and your income tax (but not social security or medicare) withholdings.

- To stop your contributions check box 2 and indicate when you want your contributions to stop.

- Sign and date this form and return it to your employer.

1. ☒  I hereby authorize my employer to reduce my total compensation by _____% and make a contribution (from my cash compensation) of an equal amount to my Dean Witter SIMPLE IRA-2000® Account or to the SIMPLE IRA account described below. I understand that the total amount of my contributions during a year may not exceed $6,000 or such higher limit as may be set by the U. S. Department of the Treasury. My contributions will begin as of the next election date under my employer's SIMPLE Plan (January 1 unless an earlier date is allowed).

2. ☐  I hereby direct my employer to stop my SIMPLE Plan salary reductions:

    ☐ as soon as possible;  ☐ as of the next election date;  ☐ as of the next January 1.

I understand that this Salary Reduction Agreement will remain in effect until I revoke or change it in writing. I also agree that this Salary Reduction Agreement will not take effect until it has been received by my employer. I understand that my employer will act on the last dated Salary Reduction Agreement actually received from me.

_____        _____
*Signature of Employee*                        *Print Employee's Name*

_____        _____
*Employee's Social Security Number*                *Date Signed*

_____
*Date Received by Employer*

If your employer has elected to allow you to designate the institution to receive your SIMPLE IRA contribution please provide the name, address and account number for that institution in the spaces provided below. You are responsible for ensuring that the account is a qualified SIMPLE IRA account.

_____
*Name*

_____
*Address*

_____
*Address*

_____
*Account Number*

Do not detach — Keep in this booklet for your records, make copies for all eligible employees.

APPENDIX -121

15

# APPENDIX C

**DEAN WITTER REYNOLDS INC.**
**SAVINGS INCENTIVE MATCH PLAN FOR EMPLOYEES**
**PLAN SUMMARY FOR ELIGIBLE EMPLOYEES OF:**

Name of Employer _P.T. Morgan Packaging Co. & P.T. Morgan Paper Co._

Address of Employer _525 Broadwater Rd._

_Arnold Md, 21012_

Your employer has adopted the Dean Witter Reynolds Inc. Savings Incentive Match Plan for Employees (the "Dean Witter SIMPLE"). Your employer's Dean Witter SIMPLE Plan is a retirement savings arrangement for eligible employers that provides for contributions to be made by your employer to your SIMPLE IRA account. The Internal Revenue Code (the "Code") requires your employer to give all eligible employees this Plan Summary together with a Notice to Employees and a Salary Reduction Agreement immediately before the 60-day period that precedes the start of each year, the initial effective date of your employer's Dean Witter SIMPLE Plan if it is other than January 1 or the date on which you first become eligible to participate in your employer's plan. (The U. S. Treasury Department may allow shorter notice periods.)

If you meet the eligibility requirements, you may make salary reduction contributions to a SIMPLE IRA account by completing the Salary Reduction Agreement and returning it to your employer. Your employer will reduce your cash compensation by the amount you elect and will make a contribution to your SIMPLE IRA account of an equal amount. Your salary reduction contributions are referred to in this Plan Summary as "elective deferrals."

If your employer has selected Dean Witter Reynolds Inc., c/o Retirement Plan Operations, Five World Trade Center, New York, New York 10048, to be the custodian of plan contributions, each eligible employee must establish a Dean Witter SIMPLE IRA-2000* Account to receive both elective deferrals and employer contributions. A SIMPLE IRA-2000* Account booklet with an Adoption Agreement will be provided to you by your employer or a Dean Witter Account Executive. If your employer has elected to allow each eligible employee to select the institution to which contributions will be made, you may select Dean Witter or any other institution offering SIMPLE IRAs for this purpose.

The following is a summary of basic information about your employer's SIMPLE Plan. For more detailed information, please refer to the Notice to Employees and Salary Reduction Agreement provided by your employer with this Plan Summary.

For purposes of your employer's SIMPLE Plan, a "year" is a calendar year.

## I — General Information

To maintain a SIMPLE Plan for a year, your employer must meet certain requirements. First, your employer must be a "small employer". This means that during the preceding year, your employer must not have employed more than 100 employees whose compensation for the year was at least $5,000. If, in any subsequent year, your employer fails this "small employer" test, your employer generally may continue to maintain the SIMPLE Plan or no more than 2 years before your employer must either pass the "small employer" test or stop making contributions to the plan. Second, for any year in which your employer wants to maintain a SIMPLE Plan, your employer may not maintain another tax qualified retirement plan under which any employee may accrue benefits or have contributions made to an account. In applying these rules, any employer that is related to your employer (a "related employer") by reason of common ownership or affiliated management, and the employees of any related employer, must be taken into account. The terms of this Employer Agreement control all aspects of your employer's SIMPLE Plan. The Code allows your employer to elect from among a number of alternative plan rules. The rules your employer has chosen for your SIMPLE Plan are set forth in the accompanying Notice to Employees.

Your employer will have completed a Dean Witter SIMPLE Employer Agreement setting forth the rules for making contributions. The terms of this Employer Agreement control all aspects of your employer's SIMPLE Plan. The Code allows your employer to elect from among a number of alternative plan rules. The rules your employer has chosen for your SIMPLE Plan are set forth in the accompanying Notice to Employees.

All amounts contributed to your SIMPLE IRA account belong to you immediately, and remain yours even if you quit working for your employer. You may also directly transfer assets between your SIMPLE IRA account and a SIMPLE IRA account with any other qualified trustee or custodian.

APPENDIX -122

## II — Eligibility

Generally, you will be eligible to elect to participate in your employer's SIMPLE Plan if you received at least $5,000 in compensation from your employer during any 2 preceding years and if you are expected by your employer to receive at least $5,000 in the current year. However, your employer's SIMPLE Plan may exclude from eligibility union employees for whom retirement benefits have been the subject of good faith bargaining with your employer and/or nonresident aliens who have no United States income. In addition, your employer's SIMPLE Plan may provide more liberal eligibility rules by lowering the required amount of compensation and/or the years of service. Please refer to the accompanying Notice to Employees for the eligibility rules applicable to your employer's SIMPLE Plan.

16

Do not detach – Keep in this booklet for your records, make copies for all eligible employees

## III — Benefits Provided Under the Dean Witter SIMPLE Plan

If you are eligible, you may elect to have a percentage (up to 100%) of your compensation from your employer contributed as elective deferrals to your SIMPLE IRA account. The maximum amount of elective deferrals that you may contribute for any year is currently $6,000, but this dollar amount may be increased for future years by the U.S. Treasury Department to reflect cost-of-living increases. Your "compensation" includes all earnings that are subject to Federal income tax withholding plus your elective deferrals, or, if you are self-employed, your net earned income derived from personal services provided to the employer.

Your employer must contribute your elective deferrals to your SIMPLE IRA account no later than 30 days after the end of the each month in which elective deferrals are deducted from your paychecks.

If you make elective deferrals, your employer must make a matching contribution to your SIMPLE IRA account in an amount equal to your elective deferrals, up to a specified maximum. The maximum is tied to a specified percentage of your compensation for the year. That percentage generally will be 3% of your compensation. Your employer may elect to use a lower percentage (not lower than 1%) as long as the percentage is not lower than 3% in more than two out of any five consecutive years. In the alternative, for any year, your employer may elect to contribute 2% of your compensation (up to $150,000 in compensation or a higher limit set by the U.S. Treasury Department) ("nonelective employer contributions") to your SIMPLE IRA account provided you actually receive at least $5,000 in compensation during the year and without regard to the amount of your elective deferrals, if any. Your employer must inform you in the Notice to Employees if a match percentage other than 3% is to be used or if nonelective employer contributions will be made for the coming year.

Matching or nonelective employer contributions must be made to your SIMPLE IRA account no later than the date your employer's Federal income tax return is due (including extensions) for its taxable year with which (or within which) the year ends.

## IV — Elective Deferral Contributions — Method of Election

All eligible employees generally must receive a Notice to Employees, Salary Reduction Agreement and this Plan Summary immediately prior to the 60-day period before the effective date of the plan, start of each year and, if your employer elects to allow eligible employees to join the plan during the year, the date a newly hired employee first becomes eligible to make elective deferrals. These 60 day periods are referred to in the remainder of this Plan Summary as "election periods."

The Notice to Employees and Salary Reduction Agreement will explain how you may elect to make elective deferral contributions to your SIMPLE IRA account. During the election period, if you are eligible, you may instruct your employer to have elective deferrals withheld from your compensation by completing and returning the Salary Reduction Agreement. If you previously elected to make elective deferrals and completed a Salary Reduction Agreement, you may modify or terminate your election by completing a new Salary Reduction Agreement or by notifying your employer in writing of your termination of the prior agreement. If you do nothing, your existing Salary Reduction Agreement will remain in effect.

If you have not previously done so, you must establish a SIMPLE IRA account to receive your elective deferrals and your employer's contributions. If you do not establish a SIMPLE IRA account before contributions must be made on your behalf, your employer will establish an account for you. You may terminate your election to make elective deferrals at any time during the year by giving written notice to your employer. Your employer may also allow you to modify your election in other respects during the year (for example, by allowing you to increase or decrease the percentage of compensation being deferred) or to make a new election, but your employer is not required to allow you to make such changes or recommence your elective deferrals until the next year starts. Please refer to the accompanying Notice to Employees for the mid-year election change rules applicable to your employer's SIMPLE Plan. No change or termination of your Salary Reduction Agreement may apply to compensation that you have already received or to elective deferrals that have already been deducted from your paychecks.

## V — Federal Income Tax Treatment of SIMPLE Plan Contributions

### A. Employee Elective Deferrals

Any elective deferrals that have been contributed properly out of your compensation will be excluded from your gross income for Federal income tax purposes and will not be included as taxable wages on your Federal Form W-2. However, elective deferrals are subject to social security and Medicare (FICA) taxes. Once in your SIMPLE IRA account, your elective deferrals and any investment earnings generally are not subject to Federal income tax until withdrawn from the account.

### B. Employer Contributions

Matching or nonelective contributions made by your employer to your SIMPLE IRA account will be excluded from your gross income and will not be included as taxable wages on your Federal Form W-2. Employer contributions are also not subject to FICA taxes. Once in your SIMPLE IRA account, employer contributions and any investment earnings generally are not subject to Federal income tax until withdrawn from the account.

### C. Availability of IRA Contribution Deduction to Participants

In addition to elective deferrals and employer contributions to your SIMPLE IRA account, you may make regular IRA contributions, up to the lesser of $2,000 or 100% of compensation, to another IRA for yourself and, as of 1997, up to an additional $2,000 (but not over 100% of joint compensation) to an IRA established for your spouse. You may not make these other IRA contributions to your SIMPLE IRA account.

Regular and spousal IRA contributions may be deducted from gross income on your Federal income tax returns subject to certain limits. If you are an "active participant" in your employer's SIMPLE Plan, or your spouse is an "active participant" in any employer's qualified retirement plan (e.g., pension, profit sharing, 401(k), SEP, SAR-SEP, SIMPLE or 403(b)), then your ability to deduct your regular and spousal IRA contributions is phased out if your adjusted gross income ("AGI") on your Federal return exceeds certain limits. The current AGI limits are $40,000 for joint filers and $25,000 for single filers, with the full deduction phased out for joint filers' AGIs from $40,000 to $50,000 and, for single filers, from $25,000 to $35,000. You are an "active participant" in your employer's SIMPLE Plan for any year in which elective deferrals or employer contributions are added to your SIMPLE IRA account. See IRS Publication 590, "Individual Retirement Arrangements" for more specific information.

## VI — Federal Income Tax Treatment of SIMPLE Plan Distributions

The procedures for withdrawing amounts from your SIMPLE IRA account, and the effects of such withdrawals, are explained in the Disclosure Statement for your SIMPLE IRA account. The following summarizes the Federal tax rules governing such withdrawals.

You may generally take distributions from your SIMPLE IRA account under the same Federal taxation rules that apply to standard IRA accounts, which is to say that you may take distributions at any time subject to the income and penalty tax rules discussed below and in your SIMPLE IRA Disclosure Statement.

Distributions will be included in your taxable income, and may be subject to a premature distribution penalty tax depending on the circumstances. In general, you may receive distributions without the premature distribution tax penalty only after you attain age 59½ unless the distribution is made: (1) due to your death: (2) due to your disability; (3) in substantially equal payments calculated using your life or the joint life expectancies of you and your beneficiary and lasting until the later of 5 years or attaining age 59½; (4) as a transfer part or all of your interest in the IRA to your spouse or former spouse under a court order incident to a divorce or separation; or (5) to pay medical expenses in excess of 7.5% of your AGI or medical insurance premiums following 12 weeks of unemployment.

The premature distribution penalty tax is equal to 10% of your taxable distribution. However, the premature distribution penalty tax rate is increased to 25% for any premature distribution that you receive during the 2-year period beginning on the date you first participated in your employer's SIMPLE Plan.

Generally, your SIMPLE IRA account distributions may be rolled over to another SIMPLE IRA account or a regular IRA account, subject to certain limitations. See the discussion of rollovers in Part VII below.

You must start taking distributions from your SIMPLE IRA account no later than April 1st following the year you reach age 70½, (your "required beginning date"), regardless of whether you have stopped working. IRS rules require that you receive a minimum required distribution for each year starting with the year in which you attain age 70½. Your first minimum required distribution (taken no later than your required beginning date) is for the year in which you attain 70½. You must take the required minimum distribution for each subsequent year by December 31 of each such year. This means you may have to take two distributions in the year you first take minimum required distributions.

If, in any year, you fail to take the minimum required distributions, you will be subject to a penalty tax of 50% of the amount you should have received. The IRS rules governing mandatory distributions also apply to distributions from your SIMPLE IRA account upon your death.

For additional information with regard to the IRS minimum required distribution rules, the taxation of distributions from your SIMPLE IRA account and other penalty taxes which may apply, please refer to the Disclosure Statement for your SIMPLE IRA account or to IRS Publication 590.

## VII — Rollover or Transfer of Assets Among SIMPLE IRA Accounts

You may withdraw amounts (cash, securities or both) from your SIMPLE IRA account and, no more than 60 days later, place such cash and/or securities in another SIMPLE IRA account without incurring Federal income tax. This is called a "rollover" and may not be done from the same SIMPLE IRA account more frequently than once every 12 months. However, there are no restrictions on the number of "transfers" you may make to another SIMPLE IRA account if you arrange to have such cash or securities directly transferred between the trustees or custodians of such accounts so that you never have possession of the assets of your SIMPLE IRA accounts. You may also roll over or transfer amounts to a standard IRA account in the same fashion, but only if the rollover or transfer from your SIMPLE IRA account takes place after the 2-year period beginning on the date you first actively participated in your employer's SIMPLE Plan.

A Dean Witter SIMPLE IRA-2000® Account will accept both rollovers and transfers from any other SIMPLE IRA account. If your employer has designated Dean Witter as the sole financial institution authorized to receive contributions under your employer's SIMPLE Plan, Dean Witter will not charge an additional fee for transferring or rolling over assets from your SIMPLE IRA-2000® Account to another institution's SIMPLE IRA account.

## VIII — Additional Reports

In addition to this Plan Summary, the custodian or trustee of your SIMPLE IRA account is required to provide you with an annual report showing the contributions, distributions and year-end value of your SIMPLE IRA account. This information will also be reported to the IRS. In addition, if you establish a Dean Witter SIMPLE IRA-2000® Account, Dean Witter will provide you with account statements showing all transactions and holdings in your SIMPLE IRA account. Such statements are provided after the end of each calendar quarter and after each month in which a transaction (i.e., contribution, distribution, purchase, sale, receipt of dividends, etc.) takes place.

Do not detach — Keep in this booklet for vc

Jul 08 05 04:07p    PT MORGAN PAPER                    13026530264                P.1

# P. T. MORGAN PAPER CO., INC.

### 33 EAST SOUTH STREET
### SMYRNA, DE 19977

**ACCOUNTING**
P O BOX 5011
SEVERNA PARK, MD 21146
PHONE 410-544-7733
FAX    410-544-7738

**WAREHOUSE**
P O BOX 147
SMYRNA, DE 19977
302-653-5008
302-653-0264

Date: June 28, 2005

To: Gary Eberhard

Re: Meeting with Tim Reath

Gary,

Please have all of the Paper Company's employees that attended the Friday, June 24th meeting with the Morgan Stanley representative to sign off on this page.

| EMPLOYEE NAME | EMPLOYEE SIGNATURE |
|---|---|
| Gary Eberhard | |
| Jennifer Bodine | |
| George Briggs, Sr. | |
| Jerry Broussard | |
| Zachary Cannon | |
| Doug Goodermuth | |
| Roy James | |
| Carlyle Moore | |
| Patrick Moore | |
| Gregory Stevens | |
| Bernard Tingle | |

APPENDIX -125