**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**
LEGAL UNIT

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2828
TTY (215) 440-2610
FAX (215) 440-2848

**M. Jean Clickner, SeniorTrial Attorney**
**Direct Dial: (412) 644-6439**
**Facsimile: (412) 644-4935**
**E-mail:** jean.clickner@eeoc.gov

January 18, 2006

*Via Electronic Filing*
The Honorable Kent A. Jordan
United States District Court Judge
District of Delaware
844 King Street
Wilmington, DE 19801

**Re:   EEOC v. P.T. Morgan Paper Company,**
**an affiliate of P.T. Morgan Packaging Company**
**Civil Action No. 04-1304**

Dear Judge Jordan:

     Please accept this letter as the Commission's response to Mr. Neuberger's letter of January 13, 2006 wherein he requested that you order a stay of discovery pending a ruling on the outstanding motions for summary judgment. Respectfully, the Commission opposes any stay in this matter.

     Primarily, the Commission opposes the proposed stay because it appears that, had Defendant acted in good faith earlier in the litigation of this matter, we would not be in the current situation. Since this case was filed in 2004, Defendant has asserted that the Commission could not prove an essential element of its claim, that is, the requisite number of employees. Yet, Defendant refrained from filing a summary judgment motion on that issue until December, 2005, despite that fact that all of the evidence it has presented in support of its contention has been in its possession the entire time.

     Following the November 9, 2005 teleconference with the Court and all parties, in furtherance of its promise to the Court to treat the Defendant fairly, the Commission took great pains to seek information relevant to the issue of the integrated nature of the relationship between the two companies. To date, the Commission has served four additional sets of interrogatories and document requests, most of which were directed at obtaining information about the inter-functioning of these companies. In particular, in its third document request, the Commission asked: "Please produce a copy of any contracts which relate to a contractual relationship between P.T. Morgan Packaging

Company and P.T. Morgan Paper Company from January 1, 2000 to the present. This request relates to, but is not limited to, contracts for services and/or lease of property." Defendant responded that there were no documents responsive to this request. In its third set of interrogatories, the Commission asked Defendant to identify all Packaging Company employees within a give time frame and to answer specific questions about each employee, including: "Identify which, if any, of this employee's duties relate to the management of P.T. Morgan Paper Company." Again, Defendant identified employees and answered that none of their duties related to the management of the Paper Company.

The above-recited discovery requests by the Commission were aimed specifically at obtaining information about the obvious fact that Packaging employees are integrally involved in the administration of the Paper company. Documents produced by Defendant are covered with the figurative fingerprints of Packaging employees. It was clear that Packaging employees are, in fact, providing some sort of administrative service to the Paper company. Yet, when the Commission gave Defendant an opportunity to explain this apparent intermingling of functions, it replied in such a way to thwart the Commission's understanding. Obviously, this was information exclusively in Defendant's custody and control. If, in fact, the two companies have an "arms length" relationship in their interrelated management, they were offered an opportunity to provide that information to the Commission before now.

On January 12, 2006, in another attempt at thoroughness, the Commission served on Defendant a fifth set of interrogatories and document requests. The only information being sought in those requests related to paragraph 24 James Morgan's Affidavit, where he testified: "To further illustrate that the Paper Company and the Packaging Company are not operationally entangled, if an employee of the Packaging Company provides administrative services for the Paper Company, the Packaging Company is reimbursed for that employee's services. Any such administrative services are part of the employee's job description." Surely this unsupported assertion, in light of Defendant's earlier consistent refusal to provide information about this same issue, is not sufficient to prove the fact. If indeed the Paper company "reimburses" the Packaging company for "services," it is not unreasonable to expect a financial paper trail. Indeed, if the two companies are operating at arms-length, it is not unreasonable to expect that they have entered into an agreement (i.e., contract) for services. To date, Defendant has not provided the same to the Commission, nor has it produced any job descriptions for Packaging employees.

The Commission currently has four days of deposition scheduled to take place in Wilmington; they are January 24 (James Morgan), and January 31 and February 1-2 (four other individuals, including employees of the Packaging Company). Obtaining these mutually agreeable dates took a great deal of time and communication, commencing in early November, 2005, after our teleconference. The Commission has served subpoenas on the deponents and has made all necessary travel arrangements for myself, as well as scheduling a location and a court reporter for the depositions. These arrangements have take a great deal of time and effort on my part. The Commission should not be put to the expense of recreating these arrangements.

   Mr. Neuberger's suggestion that we attempt to take all of the necessary depositions in a two week period suggests the impossible. The Commission needs to take, at minimum, eight depositions. Several of these depositions (including some that are currently scheduled) are necessitated by the Commission's need to prove that the two companies are "integrated" for purposes of combing their employees. Mr. Neuberger, likewise, has at least five depositions that he has indicated he will take.

   Moreover, I am anticipating that I will be scheduled for trial in the upcoming months and may be unavailable to take and defend depositions at the end of April. Even if the Court would grant additional time, such additional protraction of this litigation is blatantly unfair to the Complainants in this case. The relevant facts of this case are already two years old.

   Finally, I telephoned Mr. Neuberger mid-day yesterday, prior to receiving notice that the Court required this response, and left a voice message. Therein, I indicated that I wanted to talk with him about the information Defendant might have in response to the Commission's outstanding fifth set of discovery requests. The Commission's takes seriously this Court's admonition to act fairly. If, indeed, Defendant can support Mr. Morgan's assertion of an arms-length administrative relationship between the two companies, the Commission would have to reevaluate its position. At the time of writing, however, Mr. Neuberger has not returned my call. Unfortunately, today I have a 9:00 a.m. document review session scheduled in another case and, therefore, will not receive calls until I return to the office later in the day.

   For all of these reasons, the Commission respectfully opposes Defendant's request for a stay and asks that this Honorable Court deny the same. Thank you for your attention to this matter.

                         Respectfully,

                          /s/ M. Jean Clinckner
                          M. Jean Clickner

cc:  Thomas S. Neuberger, Esquire (via electronic filing)
    Seth M. Beausang, Esquire (via electronic filing)