**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**
LEGAL UNIT

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2828
TTY (215) 440-2610
FAX (215) 440-2848

**M. Jean Clickner, SeniorTrial Attorney**
**Direct Dial: (412) 644-6439**
**Facsimile: (412) 644-4935**
**E-mail:** jean.clickner@eeoc.gov

March 13, 2006

Honorable Kent A. Jordan, U.S.D.J.
United States District Court
District of Delaware
844 King Street
Wilmington, DE  19801

**Re:   EEOC v.  P.T. Morgan Paper Company,**
       **an affiliate of P.T. Morgan Packaging Company**
       **Civil Action No. 04-1304**

Dear Judge Jordan:

      I am writing to express the Commission's opposition to Defendant's motion to quash the Commission's notice for the deposition of Douglas Goodermuth, scheduled for March 23, 2006. The Commission's opposition is based several facts.

      Mr. Neuberger consistently has made it difficult for the Commission to schedule necessary depositions prior to the close of discovery. The Commission had noticed four depositions at a mutually convenient time in late January and early February. At defendant's request, those depositions were postponed pending a ruling on the parties' motions for summary judgment. On February 8, 2006, after the Court denied the parties' motions for summary judgment, the Commission re-noticed these four depositions for March 21, 22, and 23. By email of February 9, 2006, Mr. Neuberger's office advised that he "might" be in trial that week. (Exhibit A.) They did not offer alternative dates of availability. By email dated March 3, 2006, Mr. Neuberger's office informed the Commission that Mr. Neuberger will be in trial March 21 and 22 and that they had "just become aware" that he was called to a meeting with the Third Circuit on March 23. (Exhibit B.) Again, Mr. Neuberger's office offered no alternative dates of availability.

      In response, by email dated March 6, the Commission requested dates when Mr. Neuberger would be available from then until the end of April, which is the end of discovery. (Exhibit B.) They offered only April 10, 11, and 12. As the 12th is the first night of Passover, Commission's counsel is unavailable to schedule out-of-town depositions that day. Thus, there were only two mutually acceptable days for depositions under consideration before the end of discovery.

Subsequently, Mr. Neuberger's office disingenuously offered the Commission April 27, although they had already scheduled a deposition for that day.

This being the state of our negotiations, the Commission had no option but to insist on moving forward with its noticed depositions on March 21, 22, and 23. The Commission desires to take at least three other depositions, in addition to the four at issue. It intends to notice those for the April 10 and 11 dates. Accordingly, April 10 and 11 are not available for the deposition of Douglas Goodermuth.

At issue here is the deposition of Douglas Goodermuth, noticed for March 23, 2006. At the time it was noticed, Mr. Neuberger's office did not have a conflict with the Third Circuit. Defendant now suggests that the Commission can take his deposition on April 27, after the defendant has taken a deposition. Mr. Goodermuth is the primary harasser in this case. Based on the history of this litigation, the Commission should not be forced to take Mr. Neuberger's "leavings" in scheduling this very important deposition. Moreover, the Commission's counsel is scheduled to travel back to Pittsburgh that afternoon. The Neuberger Law Firm has at least three attorneys on staff. A reasonable solution is for Mr. Neuberger to assign one of the other competent counsel from his office to defend the deposition of Mr. Goodermuth on the day his deposition is scheduled.

If the Court accepts Mr. Neuberger's excuse, what is to stop him from raising continual objections based on unforeseen "conflicts" which may arise. The Commission had not only noticed Mr. Goodermuth (for the second time), it had served him with a subpoena (for the second time). The Commission should not be required to constantly reschedule its duly noticed depositions. Had Mr. Neuberger not sought the postponement of Mr. Goodermuth's deposition in early February, we would not be in this position. He, and not the Commission, must make the necessary arrangements to permit the Commission to fulfill its obligations to the Court and its clients.

Finally, in a recent letter, Mr. Neuberger indicated that the Defendant will be filing for bankruptcy in the near future. This is just another reason to permit the Commission to complete its discovery prior to a possible stay or other complications caused by a bankruptcy filing. Based on all of the above, the Commission respectfully requests that this Honorable Court deny the Defendant's motion to quash the scheduled deposition of Douglas Goodermuth.

Very truly yours,

/s/ M. Jean Clickner
M. Jean Clickner
/s/ Seth M. Beausang
Seth M. Beausang

cc:    Thomas S. Neuberger, Esquire (via electronic filing)