IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>P.T. MORGAN PAPER COMPANY, )<br>an affiliate of P.T. MORGAN PACKAGING COMPANY, )<br>)<br>Defendant. ) | Civil Action No.<br>04-1304-KAJ |

## SETTLEMENT AGREEMENT

This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on September 28, 2004, against P.T. Morgan Paper Company to enforce provisions of Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"). The EEOC filed this Title VII lawsuit on behalf of Anthony Moore, and a class of similarly situated individuals, alleging that P.T. Morgan subjected them to a racially hostile work environment because of their race (African American). The Commission also alleged that Mr. Moore was constructively discharged from his employment on about February 6, 2004. P.T. Morgan denies these allegations.

B.      This Settlement Agreement is entered into by and shall be final and binding between the EEOC and Defendant, P.T. Morgan Paper Company, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it, (hereinafter collectively referred to as "Defendant" or "P.T. Morgan").

C.      The EEOC and P.T. Morgan agree to entry of this Settlement Agreement, which shall fully and finally resolve all claims the EEOC raised in its Complaint in Civil Action No. 04-CV-

1304. This Settlement Agreement shall not constitute either an adjudication of or finding on the merits of the complaint and shall not be construed as an admission by P.T. Morgan of any violation of Title VII.

The Parties hereby agree that:

### NON-DISCRIMINATION AND NON-RETALIATION

1. This Court has jurisdiction over the parties and subject matter of this action for the purposes of this settlement agreement.

2. P.T. Morgan agrees that it shall not engage in harassment of any employee on the basis of race in violation of Title VII.

3. P.T. Morgan agrees it will not retaliate against any person, including but not limited to Anthony Moore, or any similarly situated African American employee, because of that person's opposition to any practice made an unlawful employment practice under Title VII or because that person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII.

4. P.T. Morgan agrees not to divulge, directly or indirectly, to any identifiable employer or potential employer of Anthony Moore, or any similarly situated African American employee, any of the facts or circumstances related to the claims of discrimination against P.T. Morgan in this case or any of the events relating to their participation in the litigation of this action.

### MONETARY RELIEF

5. P.T. Morgan agrees to pay the sum total of $20,000.00 to resolve this matter as follows: (A) P.T. Morgan shall issue checks payable to the class members identified in Exhibit C and in the amounts stated on that exhibit within fourteen (14) days of receipt of a signed Release, in the

form attached as Exhibit B, from each of these named persons, or within fourteen (14) days of the entry of the Order of Dismissal on the docket, whichever is later. The checks shall be sent, via United States first class mail return receipt requested, or by express mail carrier, to all claimants. P.T. Morgan shall mail a copy of each check to M. Jean Clickner, EEOC, 1001 Liberty Avenue, Suite 300, Pittsburgh, PA 15222, concurrent with the mailing of the checks to the identified claimants. (B) In order to receive the monetary relief set forth above, each claimant will be required to execute a Release in the form attached hereto as Exhibit B, and provide that release to P.T. Morgan. P.T. Morgan will issue an IRS Form 1099 to each claimant at the end of year 2006. [handwritten: 5 b / a] TSN

### POSTING OF NOTICE

6. Within 20 business days after entry of this ~~Decree~~ [handwritten: Order of Dismissal] TSN, P.T. Morgan shall post on all bulletin boards used by P.T. Morgan for communicating with employees, same-sized copies of the Notice attached as Exhibit A to this Agreement. The Notice shall remain posted for two (2) years from the date of entry of this ~~Decree~~ [handwritten: Order] TSN.

### NON-DISCRIMINATION AND ANTI-HARASSMENT POLICIES AND COMPLAINT PROCEDURES

7. P.T. Morgan agrees to implement policy or policies against discrimination, harassment and retaliation and complaint procedures which shall be drafted in plain and simple language. P.T. Morgan shall ensure that its policy or policies against discrimination, harassment and retaliation, and related complaint procedures meet the following minimum criteria:

    (a)    state that P.T. Morgan: (i) prohibits discrimination against employees on the basis of national origin, sex, race, religion and color, and prohibits retaliation in violation of Title VII; (ii) prohibits retaliation against employees for opposing employment practices they

reasonably believe are discriminatory or for participating in an investigation by the EEOC or a state or local governmental agency of a charge of discrimination under Title VII; (iii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of national origin, sex, race, religion or color in violation of Title VII; and (iv) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to employees through acts such as physical/verbal abuse and derogatory comments based on sex, national origin, race, religion or color in violation of Title VII;

   (b) include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy or policies against discrimination, harassment and retaliation, which shall meet the following minimum criteria: (i) provide effective mechanism(s) for reporting incidents of discrimination, harassment and retaliation; (ii) provide that the complaints of discrimination, harassment and/or retaliation can be made either in writing or verbally; (iii) identify Defendant's management employees to whom an employee can make a complaint; (iv) encourage prompt reporting by employees; and, (v) provide assurances that complainants shall not be subjected to retaliation;

   (c) provide for prompt investigation of complaints of discrimination and harassment;

   (d) provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed; and

   (e) provide for discipline up to and including discharge of an employee, supervisor, or manager who violates P.T. Morgan's policy or policies against discrimination,

4

harassment and retaliation, and for increasingly severe discipline of repeat offenders.

8. Within 150 days of the entry of the Order of Dismissal on the docket, P.T. Morgan shall advise M. Jean Clickner, Trial Attorney, EEOC's Pittsburgh Area Office, that its policy or policies against discrimination, harassment and retaliation have been distributed to current employees and that new employees will receive these policies and an opportunity to acknowledge receipt.

## TRAINING

9. P.T. Morgan agrees to allow the EEOC to provide training to its managers and supervisors on employee rights and employer obligations under Title VII, which will emphasize what constitutes unlawful harassment and discrimination in the workplace, how to keep the company free from such discrimination, what constitutes unlawful retaliation and will summarize how to conduct a prompt and effective investigation into allegations, complaints or charges of discrimination

## DISPUTE RESOLUTION

10. As long as the court has retained jurisdiction pursuant to paragraph 14 below, in the event either party to this Agreement believes the other party has failed to comply with any provision(s) of the Agreement, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 20 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 20 business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

11. Each party to this Agreement shall bear its own expenses, costs and attorneys' fees.

12. The terms of this Agreement are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of P.T. Morgan in their capacities as representatives, agents, directors and officers of P.T. Morgan and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any party is found in violation of this Agreement.

13. This Settlement Agreement shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 04-CV-1304. The Parties agree to file a Stipulation of Dismissal with Prejudice in the form attached here to as Exhibit D.

14. This Settlement Agreement shall be filed in the United States District Court for the District of Delaware, and shall continue to be in effect for a period of two years. . During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Agreement, including issuing such orders as may be required to effectuate its purposes.

COUNSEL FOR PLAINTIFF

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington DC 20507

COUNSEL FOR DEFENDANT

Thomas S. Neuberger, Esquire
The Neuberger Firm
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582

Date 3/16/2006

6

_____
Jacqueline H. McNair
Regional Attorney

_____
Judith A. O'Boyle
Supervisory Trial Attorney

_____
M. Jean Clickner
Senior Trial Attorney
Equal Employment Opportunity Commission
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (fax)
jean.clickner@eeoc.gov

March 20, 2006
Date

Local Counsel:

3/29/06

_____
Seth M. Beausang
Assistant U.S. Attorney
De. Bar I.D. No. 4071
The Nemours Building
1007 Orange Street
P.O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277 x 149
seth.beausang@usdoj.gov